UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINEYARD AIRCRAFT HANGERS INC., ) <br><br> Plaintiff, ) <br><br> v. ) <br><br> NEW HAMPSHIRE INSURANCE COMPANY, ) <br><br> Defendant. ) | Civil Action No. 25-CV-10163-AK |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

**ANGEL KELLEY, D.J.**

Plaintiff Vineyard Aircraft Hangers Inc. ("VAH") filed suit against Defendant New

Hampshire Insurance Company ("NHIC") seeking declaratory judgment regarding NHIC's

denial of coverage under an insurance policy and alleging that such denial constitutes a breach of

contract and violation of M.G.L. c.93A, §§ 2 & 11. [Dkt. 13].  Before the Court is VAH's

Motion for Summary Judgment [Dkt. 14] and NHIC's Cross-Motion for Summary Judgment

[Dkt. 15].  For the following reasons, VAH's Motion for Summary Judgment [Dkt. 14] is

**GRANTED IN PART** and **DENIED IN PART** and NHIC's Cross-Motion for Summary

Judgment [Dkt. 15] is **GRANTED IN PART** and **DENIED IN PART**.  VAH's declaratory

judgment and contract claims are granted, and NHIC's motion on those issues is denied.  VAH's

Chapter 93A claim is denied, and NHIC's motion on that issue is granted.

1

I.    **BACKGROUND**

A.    **The Underlying Action**

The following facts are undisputed by the parties.  This action revolves around the rights and obligations of the parties under Insurance Policy No. 01-LX-022850046-12 (the "Policy") issued by NHIC, as relates to the civil action captioned Suite Six LLC v. Vineyard Aircraft Hangars, Inc. et al, 24-CV-12155 (D. Mass.) (the "Underlying Action").  The plaintiff in the Underlying Action filed suit against VAH alleging that, on February 3, 2022, while a third-party who is unassociated with VAH was operating an aircraft, the aircraft was damaged by dropping into a pothole or sinkhole while taxing out of VAH's aircraft hangar.  [Dkt. 13-7 ¶¶ 56-58].  Specifically, the plaintiff in the Underlying Action alleges that VAH negligently "constructed, maintained, operated, inspected, and repaired" the apron (parking area) by its hangar; negligently failed to comply with Federal laws, standards, and regulations governing the operation and maintenance of airport property; and breached an alleged oral agreement with the plaintiff to provide it with storage and parking for its various aircrafts and to construct, maintain, inspect, and repair the airport apron and tarmac premises located by VAH's hangar. [Dkt. 13-7 ¶¶ 60-66, 81-85].

On September 13, 2024, VAH was served with the original complaint in the Underlying Action.  The following day, VAH tendered the claim to its insurance broker who in turn tendered the claim to NHIC.  On September 17, 2024, AIG Claims, Inc., the claims administrator for NHIC, acknowledged receipt of the tender but denied coverage.

B.    **The Policy**

The Policy was applicable from November 5, 2021 to November 5, 2022.  [Dkt. 13-1 at 5 ("Policy")].  The Policy is a general commercial liability policy, under which NHIC "will pay

those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which [the] insurance applies." Policy at 26. Under the Policy, NHIC had "the right and duty to defend the insured against any 'suit' seeking those damages." Id.

The Policy has numerous exclusions. Two are pertinent to the present motion. At the center of this controversy is the exclusion titled "Designated Ongoing Operations." Policy at 52. The Schedule in that exclusion describes "Designated Ongoing Operations" as "Aircraft and/or Fueling Operations." Id. Below the schedule, the Policy states "this insurance does not apply to 'bodily injury' or 'property damage' arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others." Id. The second pertinent provision excludes "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft . . . owned or operated by or rented or loaned to any insured." Id. at 29.

On January 23, 2025, VAH brought the present suit against NHIC seeking declaratory judgment regarding NHIC's obligations under the Policy and alleging breach of contract and violation of M.G.L. c. 93A, §§ 2 & 11.

## II.    LEGAL STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (citing Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment may be granted when the record, viewed in the light most favorable to the non-moving party, presents no "genuine dispute as to any material fact and the mov[ing party] is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court must consider (1) whether a factual dispute exists; (2) whether the factual dispute is "genuine," such that a "reasonable fact-finder could return a verdict for the nonmoving party on the basis of the evidence"; and (3) whether a fact genuinely in dispute is material, such that it "might affect the outcome of the suit under the applicable substantive law." Scott v. Sulzer Carbomedics, Inc., 141 F. Supp. 2d 154, 170 (D. Mass. 2001); see also Napier v. F/V DEESIE, Inc., 454 F.3d 61, 66 (1st Cir. 2006).

When evaluating cross-motions for summary judgment, the court must "view each motion, separately, through this prism," and "may enter summary judgment only if the record, read in this manner, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Est. of Hevia v. Portrio Corp., 602 F.3d 34, 40 (1st Cir. 2010) (citation omitted).  The interpretation of an unambiguous insurance policy is a matter of law properly decided on a motion for summary judgment. See Cody v. Conn. Gen. Life Ins. Co., 439 N.E.2d 234, 237 (1982).

Massachusetts law governs the interpretation of insurance policies. Certain Interested Underwriters at Lloyd's, London v. Stolberg, 680 F.3d 61, 65 (1st Cir. 2012).  The initial burden of proof rests on the insured to prove that the losses it has suffered are covered by the policy's general coverage terms. Demers Bros. Trucking v. Certain Underwriters at Lloyd's, London, 600 F. Supp. 2d 265, 272 (D. Mass. 2009).  Once the insured establishes that claim falls under the coverage terms, the burden of proof shifts to the insurer to demonstrate that one of the exclusions applies. Id.

## III.   DISCUSSION

VAH brings three claims against NHIC – declaratory judgment, breach of contract, and violation of M.G.L. c. 93A § 11.  The Court will handle each in turn.

### A.      Declaratory Judgment

NHIC argues that the Designated Operations Exclusion excludes coverage for "Aircraft and/or Fueling Operations" irrespective of whether the insured or another individual is conducting the "Aircraft and/or Fueling Operations."  Meanwhile, VAH argues that "Aircraft and/or Fueling Operations" are only excluded when conducted by the insured or its agents and contractors.

Ascertaining the meaning of an insurance policy "is no different from the interpretation of any other contract, and [courts] must construe the words of the policy in their usual and ordinary sense." Hakim v. Mass. Insurers' Insolvency Fund, 675 N.E.2d 1161, 1164 (Mass. 1997).  Ambiguities in the policy must be interpreted in favor of the insured, and exclusions are interpreted narrowly. U.S. Liab. Ins. Co. v. Benchmark Const. Servs., Inc., 797 F.3d 116, 120 (1st Cir. 2015).

If the policy's language is clear and unambiguous, a court must "give effect to that language, without considering the underlying intent of the parties." Masonic Temple Ass'n of Quincy, Inc. v. Patel, 185 N.E.3d 888, 894 (Mass. 2022) (quoting Great Divide Ins. Co. v. Lexington Ins. Co., 84 N.E.3d 844, 848 (2017)).  Further, insurance policies must be read as a whole and whenever possible "every word in a policy should be given meaning." Masonic Temple, 185 N.E.3d at 894.  Courts favor a reading of the policy that does not render provisions superfluous. Bombaugh v. Unum Life Ins. Co., 106 Mass. App. Ct. 553, 557 (2026).

An insurer's duty to defend is determined by "matching the third-party complaint with the policy provisions." Sterilite Corp. v. Cont'l Cas. Co., 458 N.E.2d 338, 340 (Mass. App. Ct. 1983).  When "the allegations of the complaint are 'reasonably susceptible' of an interpretation that they state or adumbrate a claim covered by the policy terms, the insurer must undertake the defense." Id. (citations omitted).  Commercial general liability insurance policies commonly provide protection for the insured for claims brought by third parties. See Bos. Gas Co. v. Century Indem. Co., 910 N.E.2d 290, 293 n.3 (Mass. 2009).

The parties agree that the Underlying Action involves "Aircraft Operations" and falls within the Policy's general coverage.  The parties disagree about the meaning of the following underlined language in the Designated Operations Exclusion: "this insurance does not apply to 'bodily injury' or 'property damage' arising out of [Aircraft and/or Fueling Operations], *regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others*." Policy at 52.  Multiple courts have found this language to be ambiguous when read in isolation. See Union Mut. Fire Ins. Co. v. 259 Rogers LLC, No. 23-CV-1288 (AMD) (VMS), 2025 WL 3755600, at *6-7 (E.D.N.Y. Sept. 23, 2025); Emanuel v. Ace Am. Ins. Co., No. 11-CV-875, 2012 WL 2994285, at *2 (D. Md. July 20, 2012).  The Emanuel Court describes the ambiguity like so:

> The ambiguity is inherent in the "regardless of whether" linguistic construction. If a friend were to say, "The party will be held tomorrow, regardless of whether it rains," one would understand that "whether" is followed by a silent, implied "or not." The statement means that the party will go forward, rain or shine— "whether or not it rains." But, ambiguity develops whenever a speaker states that something will occur "regardless of whether" two expressly stated alternatives occur. For example, if a friend says, "I will go to the party, regardless of whether Joe or Steve asks me," she might mean that she will attend the party with one of two possible companions: Joe or Steve. But, she might mean, instead, that it does not matter if Joe asks her, if Steve asks her, or if neither of them asks her—she will attend the party in any event. Because two alternatives are expressly presented, it is ambiguous whether the speaker's use

of "regardless of whether" is intended to differentiate between the two expressly presented alternatives or, instead, whether the speaker intends to differentiate between two express possibilities on the one hand, and the silent, implied possibility of "neither" on the other hand.

Emanuel, 2012 WL 2994285, at *2. The court further explained that the intended meaning of the phrase will usually be clear from context. Id. at *3. In this case, however, the provision's context does not provide clarity.

NHIC argues that under VAH's "interpretation of the Designated Operations Exclusion – that it applies only to 'Aircraft Operations' performed by or on behalf of Plaintiff – the Designated Operations Exclusion would be largely superfluous" because "[t]he Aircraft, Auto, or Watercraft Exclusion, located in the Policy's standard commercial general liability coverage form, already precludes coverage for 'property damage' arising out of the ownership, maintenance, use, or entrustment to others of any aircraft that *Plaintiff owns or operates*." [Dkt. 15-1 at 14]. While it is true that VAH's interpretation results in redundant exclusions, so does NHIC's. NHIC posits that the Designated Operations Exclusion applies when anyone conducts "Aircraft Operations." This interpretation would also render the Aircraft, Auto, or Watercraft Exclusion entirely superfluous because it also encompasses "'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft . . . owned or operated by or rented or loaned to any insured." Policy at 29. Accordingly, the rule against superfluity favors neither party's argument. Because the Designated Operations Exclusion is ambiguous, even read in context, the Court must adopt the interpretation in favor of VAH. U.S. Liab. Ins. Co., 797 F.3d at 120.

NHIC also relies upon West Bend Mutual Insurance Company v. The American Legion to argue that the Designated Operations Exclusion is unambiguous. [Dkt. 15-1 at 12-13 (citing No. Civ. 03887(RHK/AJB), 2003 WL 22881560 (D. Minn. Dec. 1, 2003))]. In West Bend, the

insurance company sued the Minnesota chapter of the American Legion for a declaratory judgment that there was not coverage under American Legion Minnesota's general liability policy for claims relating to a traffic death allegedly cause by the sale of alcohol by an American Legion Post in Minnesota.  The relevant policy excluded "'property damage' arising out of the [ALL AMERICAN LEGION POSTS AND DISTRICTS] regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or others." West Bend, 2003 WL 22881560 at *2.  The West Bend court held that "the clause plainly excludes coverage for the activities of American Legion post and districts without regard to whether the activity is conducted by or on the behalf of American Legion Minnesota." Id.  The West Bend court did not address whether the exclusion bars coverage for an unrelated third-party.  Accordingly, West Bend provides little guidance to the Court.

Commercial general liability policies are "designed to protect the insured against losses to third parties arising out of the operation of the insured's business." Bos. Gas Co., 910 N.E.2d at 293 n.3. See Monticello Ins. Co. v. Dion, 836 N.E.2d 1112, 1113 (Mass. App. Ct. 2005) (same).  Any understanding of the exclusion for Designated Ongoing Operations must be read within this context.  The Designated Ongoing Operations exclusion focuses on the insured's actions.  This focus lends itself to a reading that only excludes actions which are conducted by VAH or its agents, particularly within the context of Commercial General Liability policies' general purpose.

Further, VAH paid for insurance coverage for their airline hanger operations.  Any "bodily injury" or "property damage" arising out of VAH's operations could be viewed as "arising out Aircraft and/or Fueling Operations" because VAH's entire operation relates to aircrafts.  If the Court were to adopt NHIC interpretation of the Policy, it is unclear whether the

Policy would cover any conduct.  Such an interpretation is untenable.  Accordingly, the Court reads the Policy in VAH's favor.

### B.        Breach of Contact

VAH also alleges that NHIC's denial of coverage and failure to defend constitutes a breach of contract.  NHIC does not dispute that the Policy is a valid and enforceable contract under Massachusetts law.  Nor do they allege that VAH has failed to fulfil its obligations to pay its premiums under the Policy.  Yet, NHIC has refused to defend or indemnify VAH, which has resulted in defense costs in the Underlying Action and this action. For the reasons stated above, NHIC was obligated to defend and indemnify VAH under the Policy.  NHIC's failure to do so constitutes a breach of contract. See Boyle v. Zurich Am. Ins. Co., 36 N.E.3d 1229, 1235 (2015) ("A breach of the duty to defend can support claims in contract"); John Moriarty & Assocs., Inc. v. Zurich Am. Ins. Co., 207 N.E.3d 542, 549 (Mass. App. Ct. 2023) (holding failure of an insurer to defend, when obligated to do so under the insurance policy, constitutes breach of contract).

Contract damages are "those that cannot be reasonably prevented and arise naturally from the breach, or which are reasonably contemplated by the parties." Delano Growers' Coop. Winery v. Supreme Wine Co., 473 N.E.2d 1066, 1075 (1985).  Where an insurer has incorrectly denied defense coverage, damages include the cost of defense already incurred. Partington Builders, LLC v. Nautilus Ins. Co., 654 F. Supp. 3d 44, 59 (D. Mass. 2023).  Likewise, VAH's attorney's fees incurred in establishing that NHIC breached its duty to defend are recoverable damages. Essex Ins. Co. v. BloomSouth Flooring Corp., 562 F.3d 399, 411 (1st Cir. 2009) ("In Massachusetts, an insured generally is entitled to recover attorney fees incurred in successfully establishing that its insurer breached its duty to defend.").  Accordingly, NHIC is liable for the costs of litigating the Underlying Action and the cost of litigating the present action.

**C.      Chapter 93A**

Finally, VAH asserts that it is entitled to summary judgment with respect to its claim for violation of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 11, because NHIC compelled VAH to litigate their claim despite the inapplicability of the subject exclusion. Chapter 93A prohibits those engaged in trade or commerce from employing "unfair methods of competition and unfair or deceptive acts or practices" and authorizes businesses to sue one another for engaging in such practices. M.G.L. c. 93A, §§ 2, 11.  In the context of disputes among businesses, as here, the "objectionable conduct must attain a level of rascality that would raise an eyebrow to the rough and tumble of the world of commerce." Ora Catering, Inc. v. Northland Ins. Co., 57 F. Supp. 3d 102, 110 (D. Mass. 2014) (quoting Levings v. Forbes & Wallace, Inc., 396 N.E.2d 149, 153 (Mass. App. Ct. 1979)).  In this context, a Chapter 93A plaintiff "must show that the defendant's actions fell within at least the penumbra of some common-law, statutory, or other established concept of unfairness, or were immoral, unethical, oppressive or unscrupulous, and resulted in 'substantial injury . . .  to competitors or other business[persons].'" Boyle v. Int'l Truck & Engine Corp., 369 F.3d 9, 15 (1st Cir. 2004) (citations and internal quotations omitted).

NHIC's conduct does not rise to this standard.  There is no indication the NHIC denied coverage in bad faith.  The parties present a "genuine difference of opinion" and "ordinary dispute[]" that does not implicate Chapter 93A. Ora Catering, 57 F. Supp. 3d at 111.  NHIC presented legitimate arguments in support of their interpretation.  These arguments do not present a 93A claim simply because they were ultimately incorrect. See Pediatricians, Inc. v. Provident Life & Acc. Ins. Co., 965 F.2d 1164, 1173 (1st Cir.1992) ("Liability under c. 176D and 93A does not attach merely because an insurer concludes that it has no liability under an

insurance policy and that conclusion is ultimately determined to have been erroneous.").  As such, NHIC did not violate 93A.

## IV.    CONCLUSION

For the foregoing reasons, VAH's Motion for Summary Judgment [Dkt. 14] is **GRANTED IN PART** and **DENIED IN PART** and NHIC's Cross-Motion for Summary Judgment [Dkt. 15] is **GRANTED IN PART** and **DENIED IN PART**. VAH's declaratory judgment and contract claims are **granted**, and NHIC's motion on those issues is **denied**. VAH's 93A claim is **denied**, and NHIC's motion on that issue is **granted**.

**SO ORDERED.**

Dated: April 10, 2026

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge

11